## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WALTRESS WILLIAMS,**

    **Plaintiff,**

**v.**                **CASE NO:**

**WAL-MART STORES, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WALTRESS WILLIAMS, (hereinafter "Plaintiff" or "Ms. Williams"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES, INC. (hereinafter "Defendant," or "Wal-Mart") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for sexual harassment and unlawful discrimination based on sex, as well as retaliation in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations.

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her through sexual harassment, including unwelcome sexual conduct and inappropriate touching by her supervisor, and altered the terms, conditions, and privileges of her employment because of her sex. Plaintiff further alleges that Defendant retaliated against her by terminating her employment after she complained about the sexual harassment, all in violation of her rights under Title VII.

3.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, humiliation, depression, anxiety, and adverse health effects requiring medical treatment.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Taylor County, Florida.

## **PARTIES**

8.    Plaintiff is a 53-year-old female.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her sex under Title VII.

10.    Defendant employed Plaintiff until October 3, 2025, when her employment was terminated.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state

statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII.

13.     The Defendant is WAL-MART STORES, INC., a corporation conducting business throughout the United States, including at 1900 Jefferson Street, Perry, FL 32348, Taylor County, Florida, where Plaintiff was employed.

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Taylor County, Florida, employing fifteen (15) or more employees.

15.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII.

16.     Accordingly, Defendant is liable under Title VII for the unlawful discrimination, sexual harassment, and retaliation to which it subjected Plaintiff as more fully alleged herein.

## **ADMINISTRATIVE PREREQUISITES**

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On October 27, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on sex and retaliation (EEOC Charge No. 511-2026-00309).

19.    On November 24, 2025, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to her Charge of Discrimination against Defendant.

20.    This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Rights from the EEOC.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Plaintiff was employed by Defendant as an hourly employee at Defendant's retail location at 1900 Jefferson Street, Perry, FL 32348, Taylor County, Florida.

23.    During her employment, Plaintiff was supervised by William Stone, who held the position of Coach and had been employed at the store for only a few months prior to supervising Plaintiff.

24.     Coach William Stone supervised Plaintiff for approximately six months during her employment with Defendant.

25.     During the course of her employment, Plaintiff performed her job duties satisfactorily and received recognition for good performance from Coach William Stone.

26.     One evening, just one night after Coach William Stone had given Plaintiff a merit for doing a good job, Coach William Stone engaged in unwelcome sexual conduct toward Plaintiff.

27.     Specifically, Coach William Stone touched Plaintiff inappropriately in the workplace without her consent.

28.     When Plaintiff asked Coach William Stone not to touch her in that inappropriate manner, he became upset with her.

29.     After Plaintiff's complaint about the inappropriate touching, Coach William Stone continued to exhibit a pattern of inappropriate behavior by repeatedly asking Plaintiff to make complaints about the Store Manager.

30.     In response to Coach William Stone's sexual harassment, Plaintiff called Defendant's company Ethics line to report the sexual harassment she had experienced.

31.    However, despite Plaintiff's report to the Ethics line, no investigation was conducted into Plaintiff's complaint of sexual harassment.

32.    Defendant failed to provide Plaintiff with any investigation results or follow-up regarding her complaint of sexual harassment.

33.    The hostile work environment created by Coach William Stone's conduct had severe effects on Plaintiff's health and well-being.

34.    Plaintiff was constantly on edge at work, never knowing what was coming next, and was always being threatened with termination by Coach William Stone.

35.    The stress from this hostile work environment became so severe that Plaintiff required blood pressure medication.

36.    As a direct result of the sexual harassment and hostile work environment, Plaintiff is currently taking Metoprolol 40mg for blood pressure that was prescribed specifically due to the employment-related stress.

37.    Plaintiff experienced depression and anxiety throughout her employment as a direct result of the sexual harassment and hostile work environment created by Coach William Stone.

38.    The workplace environment deteriorated significantly with high

employee turnover occurring since Coach William Stone arrived as the new manager.

39.    On Friday prior to October 3, 2025, Plaintiff was very ill and missed work due to her illness.

40.    Despite being sick, Plaintiff came to work on Sunday night, October 3, 2025, because Coach William Stone told her there was a "big meeting taking place" and her attendance was required.

41.    When Plaintiff arrived at work believing she was attending an important work meeting, it turned out to be her termination meeting.

42.    Present at the termination meeting were PL Dawn, Coach William Stone, and TL Heather.

43.    During the termination meeting, Plaintiff was told that her employment was being terminated because she had "exceeded the 5 points system."

44.    Plaintiff believes that her termination was retaliation for asking Coach William Stone not to touch her inappropriately.

45.    Plaintiff questions the timing and circumstances of how the point system was enforced against her.

46.    Unlike other employees, Plaintiff was not warned about

accumulating points or asked about accidentally putting time in on the wrong day.

47.    The enforcement of the point system against Plaintiff coincided suspiciously with her complaint about the unwelcome touching, leading Plaintiff to believe this enforcement was pretextual and retaliatory.

48.    When told of her termination, Plaintiff was very ill. She took off her uniform and badge, laid them down, thanked the management staff, and exited the building.

49.    Since her termination, Plaintiff has suffered significant financial hardship and is unable to feed her family or pay her bills.

50.    Plaintiff has applied for work at Dollar General, Savalot Grocery, and Domtar Sawmill in Cross City, Florida, but remains unemployed.

51.    As a direct and proximate result of Defendant's unlawful discrimination, sexual harassment, and retaliation, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, mental anguish, depression, anxiety, and adverse health effects requiring ongoing medical treatment.

52.    Plaintiff's monthly expenses total approximately $2,400.00, and since her termination, she has been unable to meet her financial obligations.

53.    At the time of the discriminatory conduct and her termination, Plaintiff was 53 years old and a member of a protected class under Title VII and the FCRA.

54.    Plaintiff had disclosed her criminal history from 1990 to Defendant upon hiring, which Defendant had accepted, and this disclosure had no bearing on the sexual harassment or retaliatory termination she experienced.

55.    The store where Plaintiff worked had experienced significant turnover and workplace disruption since Coach William Stone's arrival, demonstrating a pattern of poor management and workplace dysfunction.

56.    Defendant's failure to properly investigate Plaintiff's sexual harassment complaint and its subsequent retaliation through termination violated its own policies and procedures as well as federal and state law.

57.    Defendant's conduct was willful, intentional, and done with malice or reckless indifference to Plaintiff's federally and state protected rights.

## <u>COUNT I</u>
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sexual Harassment

58.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.    Plaintiff is a 53-year-old female.

60.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

61.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

62.    Plaintiff was subjected to sexual harassment at the hands of her supervisor, Coach William Stone, who engaged in unwelcome sexual conduct toward Plaintiff, including inappropriately touching her in the workplace without her consent.

63.    The sexual harassment occurred just one night after Coach William Stone had given Plaintiff a merit for doing a good job,

demonstrating the unwelcome and inappropriate nature of his subsequent conduct.

64.    When Plaintiff asked Coach William Stone not to touch her inappropriately, he became upset with her, demonstrating that his conduct was unwelcome and that he retaliated against her for rejecting his advances.

65.    Following Plaintiff's complaint about the inappropriate touching, Coach William Stone continued to exhibit a pattern of inappropriate behavior by repeatedly asking Plaintiff to make complaints about the Store Manager, further demonstrating his retaliatory animus.

66.    Defendant, as Plaintiff's employer, was obligated to guard against the sexual harassment of Plaintiff by her supervisors, managers, and other agents and to protect Plaintiff from sexual harassment in the workplace.

67.    Plaintiff reported the sexual harassment to Defendant's company Ethics line, putting Defendant on notice of the harassment.

68.    However, Plaintiff was subjected to a hostile work environment because of her sex through sexual harassment, inappropriate touching, and other discriminatory treatment by Defendant's supervisor Coach William Stone, as more particularly alleged hereinabove.

69.    Plaintiff believed that Coach William Stone's offensive acts and conduct materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Coach William Stone's offensive acts and conduct materially altered the terms and conditions of Plaintiff's employment.

70.    Plaintiff did not welcome the offensive conduct, sexual harassment, and inappropriate touching and did not directly or indirectly invite or solicit them by her own acts or statements.

71.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Coach William Stone's sexual harassment of Plaintiff through her report to the Ethics line, but did not take prompt remedial action to eliminate the hostile work environment.

72.    Defendant violated Title VII by subjecting Plaintiff to sexual harassment because of her sex by failing to promptly correct Coach William Stone's harassment once it learned of it through Plaintiff's Ethics line complaint.

73.    Further, Defendant failed to prevent and promptly correct this illegal workplace sexual harassment. Despite Plaintiff's report to the Ethics line, no investigation was conducted into Plaintiff's complaint, and no

investigation results were provided to Plaintiff.

74.    Defendant's supervisors, managers, and personnel who learned about the objectionable workplace conduct and sexual harassment of Plaintiff by Coach William Stone failed to promptly take steps to correct the conduct of Coach William Stone.

75.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on October 3, 2025.

76.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the sexual harassment and discrimination of Plaintiff, deprived her of statutory rights under Title VII.

77.    Defendant's actions constitute sexual harassment and discrimination in violation of Title VII.

78.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic

damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, depression, anxiety, and adverse health effects requiring medical treatment including blood pressure medication; and (d) other nonpecuniary losses and intangible injuries.

79.    The hostile work environment created by Coach William Stone's sexual harassment had severe effects on Plaintiff's health and well-being, requiring her to take blood pressure medication specifically prescribed due to employment-related stress.

80.    Defendant's conduct was willful, intentional, and done with malice or reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, the Plaintiff, WALTRESS WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WAL-MART STORES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by sexually harassing Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the sexual harassment to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the sexual harassment and discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's sexual harassment pursuant to Title VII, including but not limited to emotional distress, mental anguish, depression, anxiety, loss of dignity, and adverse health effects;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

81.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

82.    Plaintiff is a 53-year-old female and a member of a protected class under Title VII.

83.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

84.    Plaintiff engaged in protected activity under Title VII when she complained about Coach William Stone's sexual harassment by asking him not to touch her inappropriately and by reporting the sexual harassment to Defendant's company Ethics line.

85.    Defendant was aware of Plaintiff's protected activity through her complaint to the Ethics line reporting the sexual harassment by Coach

William Stone.

86.    Following Plaintiff's protected activity of complaining about sexual harassment, Defendant subjected Plaintiff to adverse employment action by terminating her employment on October 3, 2025.

87.    Defendant's stated reason for termination was that Plaintiff had "exceeded the 5 points system," however, this reason was pretextual.

88.    The timing and circumstances of how the point system was enforced against Plaintiff demonstrate that it was pretextual and retaliatory in nature.

89.    Unlike other employees, Plaintiff was not warned about accumulating points or asked about accidentally putting time in on the wrong day.

90.    The enforcement of the point system against Plaintiff coincided suspiciously with her complaint about the unwelcome touching and sexual harassment, demonstrating that the termination was pretextual and retaliatory.

91.    On the Friday prior to her termination, Plaintiff was very ill and missed work due to her illness, which was a legitimate reason for absence.

92.    Despite being sick, Plaintiff came to work on Sunday night,

October 3, 2025, because Coach William Stone told her there was a "big meeting taking place" that required her attendance.

93.    When Plaintiff arrived believing she was attending an important work meeting, it turned out to be her termination meeting, demonstrating the deceptive and retaliatory nature of Defendant's conduct.

94.    A causal connection exists between Plaintiff's protected activity of complaining about sexual harassment and her subsequent termination, as evidenced by the temporal proximity and the pretextual nature of the stated reason for termination.

95.    Defendant's failure to properly investigate Plaintiff's sexual harassment complaint, combined with the subsequent retaliatory termination, demonstrates a pattern of retaliation prohibited by Title VII.

96.    But for Plaintiff's complaint about sexual harassment, she would not have been terminated.

97.    Defendant's actions constitute unlawful retaliation in violation of Title VII.

98.    As a direct, proximate and foreseeable result of Defendant's retaliatory actions and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and

future; (b) lost earning capacity; (c) significant financial hardship, including inability to feed her family or pay her bills; (d) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, depression, and anxiety; and (e) other nonpecuniary losses and intangible injuries.

99.    Since her termination, Plaintiff has applied for work at Dollar General, Savalot Grocery, and Domtar Sawmill in Cross City, Florida, but remains unemployed, demonstrating her attempts to mitigate damages.

100.    Defendant's retaliatory conduct was willful, intentional, and done with malice or reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, the Plaintiff, WALTRESS WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WAL-MART STORES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff for

complaining about sexual harassment;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's retaliatory conduct pursuant to Title VII, including but not limited to emotional distress, mental anguish, depression, anxiety, loss of dignity, and financial hardship;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate, as provided by law;

F.       Award Plaintiff her attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem

equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 12th day of January 2026.

*/s/ Jason W. Imler, Esq*

Jason W. Imler

Florida Bar No. 1004422

Alberto "Tito" Gonzalez

Florida Bar No. 1037033

**Imler Law**

23110 State Road 54, Unit 407

Lutz, Florida 33549

(P): 813-553-7709

Jason@ImlerLaw.com

Tito@ImlerLaw.com

Ashley@ImlerLaw.com

Tiffany@ImlerLaw.com